[No. 10950.  Department One.  May 6, 1913.]

GEORGE WILSON, *Appellant*, v. JAMES BIGGAMA *et al.*,
*Respondents.*[1]

TRUSTS—COMPENSATION OF TRUSTEES—DEED—CONSTRUCTION. Trustees in a deed of trust for the purpose of selling lands are not entitled to compensation, where in the deed they agreed to deduct from the proceeds any taxes or expenses paid, and pay one-twelfth of the amount remaining to each of the twelve beneficiaries, as it amounts to an express agreement that all of the net proceeds be distributed, without deduction for compensation.

SAME—COMPENSATION—VOLUNTARY SERVICE. Trustees for the purpose of selling land without compensation are not entitled to compensation for voluntary services in bringing water to the land and greatly adding to its value and facilitating sales.

SAME—COMPENSATION—DEED OF TRUST—CONSTRUCTION. The fact that a trust deed for the purpose of selling land recited that the conveyance was made "for the purpose of settling and adjusting the estate of W," does not show an intent to compensate the trustees as if they were to perform the duties of executors or administrators; especially where the trustees were interested in the land.

COSTS—ON APPEAL—REVERSAL. Upon reversal of a judgment allowing compensation to trustees and refusing costs to the plaintiffs because unsuccessful on the only issue raised, the refusal of costs will also be reversed.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered April 9, 1912, in favor of the defendants, after a trial on the merits before the court, in an action for an accounting. Reversed.

*Frank A. Luse* and *H. J. Snively*, for appellant.

*Parker & Richards*, for respondents.

PARKER, J.—The plaintiff seeks an accounting from the defendants as trustees of certain funds, the proceeds of sales of land held by them in trust for the plaintiff and eleven others, including the defendants themselves. There was no serious controversy in the trial court other than as to the

[1]Reported in 132 Pac. 43.

right of the defendants to compensation for services ren-
dered in administering the trust. The plaintiff has appealed
from that portion of the decree of the trial court settling
the account of the defendants which allows them a commission
upon the funds received from the sales of the land as compen-
sation for their services as trustees.

On October 16, 1900, appellant, his nine brothers and
sisters, and respondents, who are the husbands of two of the
sisters, were the owners, each of an undivided one-twelfth
interest, of land in Yakima county, approximating 1,000 acres
in quantity. On that day appellant and his brothers and
sisters conveyed their several interests in this land to the
respondents in trust, as evidenced by a declaration of trust
duly executed by the respondents at the same time. This
declaration of trust, after referring to the execution of the
deed and describing the land, reads as follows:

"Now we do hereby certify and declare that said land and
the whole thereof was conveyed to us by said parties for the
purpose of settling and adjusting the estate of Samuel V.
Wilson, deceased, and whereas, by the terms of the will of
said deceased, said property, together with all other real and
personal property belonging to the said Samuel V. Wilson,
deceased, remaining after the payment of certain legacies
by said will devised, expenses of administration and other
expenses connected with the settlement of said estate, was
devised by said deceased to the said parties above named,
and to ourselves, share and share alike, and each of said par-
ties are under the terms of said will entitled to an undivided
one-twelfth of all of said lands and premises, and each of
us is entitled to an undivided one-twelfth thereof, we there-
fore certify and declare that said property is conveyed to us
for the purposes aforesaid, and that we hold the same in
trust as follows:

"An undivided one-twelfth interest for each of said par-
ties, and an undivided one-twelfth interest for each of us,
and we agree to sell said property whenever we deem it ad-
visable, and from the proceeds of such sale, deduct any taxes
or expenses paid by us for the maintenance and protection

of said property or any part thereof, and pay one-twelfth of the amount remaining to each of said above named parties."

At that time the land was arid, without irrigation, and of much less value than when sold by respondents. Thereafter respondents caused water to be brought to the land for its irrigation, thereby materially increasing its value. It may be conceded that respondents' efforts in this regard materially increased the value of the land over its increase in value by reason of the general rise of land values of the neighborhood. Thereafter, respondents sold a large portion of the land in small tracts upon contracts calling for payments partly in cash and partly deferred, and at the time of the rendering of the decree settling respondents' account in this action, they had collected as the proceeds of such sales approximately $64,000, and had expended in causing the irrigation of the land, in the payment of taxes and other expenses incident to their trust, approximately $22,500, leaving for distribution to the beneficiaries, including themselves, approximately $41,500, a considerable portion of which had already been so distributed.

The principal contention of counsel for appellant is that the language of the declaration of trust plainly evidences an intention on the part of all the parties thereto that the respondents shall not have any compensation for their services as trustees. We are constrained to agree with this contention. The principal object of the trust was to effect the sale of the land. The payment of the taxes and expenses for its maintenance was merely incidental thereto. Whatever respondents did beyond this was voluntary on their part, in so far as any obligation resting on them evidenced by the terms of the trust is concerned, and we have nothing else in this record evidencing any other duty on the part of respondents as trustees. We have seen that the agreement on the part of respondents was that they should, "From the proceeds of such sale deduct any taxes or expenses paid by us for maintenance and protection of said property or any part

thereof, and pay one-twelfth of the amount remaining to each of said above named parties." This, we think, amounts to an express agreement on the part of respondents that all of the net proceeds of the sale of the land should be distributed to the beneficiaries without compensation to the respondents.

Counsel for respondents invoke the general rule prevailing in this country that trustees are entitled to compensation for their services in administering their trust, even in the absence of express provision made therefor by statute or by the instrument evidencing the trust, citing 2 Perry on Trusts (6th ed.), § 917, and other authorities, showing this to be the present prevailing American rule, though not in harmony with the English rule. We apprehend, however, that the rule has never been carried to the extent of allowing compensation to trustees, over the objections of the beneficiary, when, by the express terms of the instrument evidencing the trust, it is plainly manifest that all parties intended that the trustees should not be compensated. After noticing this as the American doctrine, at the conclusion of § 918, Mr. Perry says:

"But if it appears, from the instrument of trust or otherwise, that it was the intention that no compensation should be charged, none will be allowed."

Some contention is made rested upon what counsel for respondents seem to regard as the equities of the case. They call attention to the valuable services rendered by the respondents in causing water to be brought to the land, thereby rendering it much more valuable than it otherwise would have been, resulting in returns to the trust fund accordingly. But this, it seems to us, was a service voluntarily performed by the trustees and not within their duties, which were defined by the express language of the trust. The rule seems to be that trustees are not entitled to compensation for such services. In the text of 39 Cyc. 484, this rule is announced as follows:

"A trustee can receive pay out of the trust fund for only such services and expenditures as are within the line of duties imposed upon him by the instrument creating the trust."

Some contention is made against the construction of the language of the trust declaration which we have adopted, rested upon the statement therein that the conveyance was made for "the purpose of settling and adjusting the estate of Samuel V. Wilson," from which it is argued that this evidences an intention to have respondents perform duties in lieu of those that would have been performed by an executor or administrator in the absence of this trust, and that respondents should be compensated therefor accordingly. We are not informed of the specific provisions of the will by which the land was left to those twelve devisees. However, in view of the fact that the land appears not to have been burdened with any charges rendering the devisees other than absolute owners thereof, we assume that there would have been nothing to do with the land in the ordinary administration of the estate of the deceased other than to let it pass by distribution in specie to the devisees, and that therefore respondents, as trustees, were, by the express terms of the trust, vested with power of sale which they would not have possessed in the administration of the estate as executors or administrators, because there would have been no legal cause for sale in the course of administration. We think this fact negatives the assumption that respondents were to perform duties which but for the trust created by this deed and declaration would have been performed by an executor or administrator who would have been entitled to compensation. It is also worthy of note that respondents were part owners of the land, and were personally interested in doing that which would increase its value. We are of the opinion that the trial court erred in allowing any compensation to respondents for their services as trustees.

The trial court declined to award costs in favor of appellant in the lower court, upon the theory that he was not

successful there in his contentions upon the only question in serious controversy, to wit, the question of respondents' right to compensation. Since we conclude that the trial court was in error in its ruling against appellant upon this question, it follows that the refusal to award appellant judgment for his costs in that court was also error. We conclude that the judgment must be reversed in so far as it awards compensation to respondents, and that appellant is entitled to judgment for costs against respondents in the superior court as well as in this court.

It is so ordered. The case is remanded with directions to the superior court to correct its decree accordingly.

CROW, C. J., MOUNT, and CHADWICK, JJ., concur.